**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF | MARTIN LUTHER KING COURTHOUSE |
| **SUSAN D. WIGENTON** | 50 WALNUT ST. |
| UNITED STATES DISTRICT JUDGE | NEWARK, NJ 07101 |
| | 973-645-5903 |

January 30, 2019

Eldridge Hawkins, Esq.
60 Evergreen Place, Suite 510
East Orange, NJ 07018
*Counsel for Plaintiffs*

Andrew Louis Smith, Esq.
Victor A. Afanador, Esq.
Lite DePalma Greenberg, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
*Counsel for Defendant City of East Orange*

Alan R. Ruddy, Esq.
Office of the Essex County Counsel
465 Dr. Martin Luther King Boulevard, Room 435
Newark, NJ 07012
*Counsel for Defendant Essex County*

Frederick Benno Polak, Esq.
Post, Polak, Goodsell, MacNeill & Strauchler, PA
425 Eagle Rock Avenue, Suite 200
Roseland, NJ 07068-1717
*Counsel for Defendant Felix Cabrera*

John Francis Regina, Esq.
Deputy Attorney General
Office of the Attorney General, Division of Law
25 Market Street
P.O. Box 112
Trenton, NJ 08625
*Counsel for Defendants Essex County Prosecutor's Office and Robert Laurino*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:     **Rutty v. City of East Orange et al.**
                **Civil Action No. 18-14599 (SDW) (LDW)**

Counsel:

Before this Court are Defendants Essex County ("Essex County"), Essex County Prosecutor's Office ("ECPO") and Robert Laurino ("Laurino"), and City of East Orange's ("East Orange") Motions to Dismiss Plaintiffs Gregory R. Rutty ("Mr. Rutty") and Janet Rutty's (collectively, "Plaintiffs") Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants ECPO and Laurino's motion, dismisses the remaining motions as moot, and remands this matter to the state court.

**DISCUSSION**

A.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual attack to a court's subject matter jurisdiction. "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fail to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations omitted). In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003.

B.

On or about the morning of May 18, 2017, Mr. Rutty was approached by Defendant Felix Cabrera ("Cabrera"), an officer with the East Orange Police Department, while Mr. Rutty was visiting a friend. (D.E. 1-1, Ex. A at 4.) At that time, Mr. Rutty alleges Cabrera wrongfully

arrested him, and improperly searched Mr. Rutty's truck and seized the truck, $1,783.00 in cash, and a cellular phone. (*Id.* at 4-5.) Mr. Rutty's vehicle was towed and held by Defendant MTS Towing ("MTS")[1] until Plaintiffs paid approximately $2,135.31 in storage fees. (*Id.* at 6.) Plaintiffs allege that ECPO and Laurino, "the acting Essex County Prosecutor," then filed a "complaint . . . to declare [Mr. Rutty's] right to [his] money and items seized," but that action was "dismissed because of a lack of prosecution." (*Id*. at 2, 6.)

Plaintiffs subsequently brought suit in the Superior Court of New Jersey, Law Division, Essex County, alleging violations of their state common law, statutory, and constitutional rights as well as violations of their rights under 42 U.S.C. § 1983.[2] (D.E. 1-1.) Essex County removed that action to this Court on October 3, 2018. [3] (D.E. 1.) Essex County, ECPO, Laurino, and East Orange[4] moved to dismiss. (D.E. 9, 10, 13.) Plaintiffs' filed their opposition and moved to amend the Complaint and remand this matter. (D.E. 11, 17.) As of January 16, 2019, all motions were fully briefed.

Turning first to Plaintiffs' § 1983 claims (Count Eight), ECPO and Laurino argue that dismissal of those federal claims is warranted because they are immune from suit pursuant to the protections of the Eleventh Amendment.[5] This Court agrees. In the Third Circuit, county prosecutor offices and their employees have consistently been afforded immunity from suit pursuant to the Eleventh Amendment when they are performing the "classic law enforcement and investigative functions for which they are chiefly responsible." *Beightler v. Office of Essex Cty. Prosecutor*, 342 Fed. App'x 829, 832-33 (3d Cir. 2009); *see also Woodyard v. County of Essex*, 514 Fed. App'x 177, 182 (3d Cir. 2013); *In re Camden Police Cases*, Civ. No. 11-1315, 2011 WL 3651318, at *10 (D.N.J. Aug. 18, 2011) (concluding that the county prosecutor's office was "entitled to sovereign immunity under the Eleventh Amendment" for Section 1983 and state law tort claims). Because ECPO and Laurino's alleged liability is rooted in the decision to initiate a suit against Plaintiffs, which is part of their traditional prosecutorial functions, they are immune from suit. *See e.g.*, *Lopez-Siguenza*, Civ. No. 13-2005, 2014 WL 1298300, at *5 (D.N.J. Mar. 31, 2014); *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992); *Davis v. Grusemeyer*, 996 F.2d 617, 629 (3d Cir. 1993); *Burns v. Reed*, 500 U.S. 478, 490 (1992).

---

[1] Although MTS has been served (D.E. 7), its counsel has not made an appearance in this matter.
[2] Plaintiffs' federal claims, contained in Count Eight, allege malicious prosecution in violation of 42 U.S.C. §§ 1983, 1985, 1986, and 1988, which this Court construes to be brought only against ECPO and Laurino.
[3] Upon removal, ECPO was not listed as a named defendant in the removed action, although that entity is clearly a defendant in the state court suit. Because this appears to be a clerical mistake, and because ECPO has filed a motion to dismiss in this matter, this Court will treat ECPO as a named defendant.
[4] Defendant Cabrera joins in East Orange's motion. (D.E. 16.)
[5] The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has interpreted that language to extend to suits brought in federal court by a citizen against his/her own state, regardless of the relief sought. *See Hans v. Louisiana*, 134 U.S. 1, 13-14 (1890); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Thorpe v. New Jersey*, 246 Fed. Appx. 86, 87 (3d Cir. 2007); *Trapp v. New Jersey*, Civ. No. 17-10709, 2018 WL 4489680, at *3 (D.N.J. Sept. 19, 2018). "Although the language of the Eleventh Amendment refers only to 'states,' arms of the state – including agencies, departments, and officials – are entitled to the protection of the Eleventh Amendment immunity from suit when the state is the real party in interest." *Trapp*, 2018 WL 4489680 at *3; *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

Therefore, Plaintiffs' federal claims against ECPO and Laurino must be dismissed.[6] As a result, Plaintiffs' remaining claims sound in state law.

Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). This Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and will dismiss Counts One through Seven, Nine and Ten.[7] Because this Court no longer has jurisdiction to hear Plaintiffs' claims, Plaintiffs' Motion to Amend is dismissed as moot. Further, this Court will direct the Clerk of the Court to remand this matter to the Superior Court of New Jersey, Law Division, Essex County.[8]

**CONCLUSION**

Defendants ECPO and Laurino's Motion to Dismiss is **GRANTED**. Defendant Essex County's Motion to Dismiss is **DISMISSED AS MOOT**. Defendant East Orange's Motion to Dismiss is **DISMISSED AS MOOT**. Plaintiffs' Motion to Amend is **DISMISSED AS MOOT**. The Clerk of the Court is directed to remand this matter to the Superior Court of New Jersey, Law Division, Essex County. An appropriate order follows.

                                              /s/ Susan D. Wigenton
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.

---

[6] Perhaps in recognition of this, in their Motion to Amend the Complaint, Plaintiffs seek to "withdraw the Federal causes of actions [sic]" and do not challenge ECPO and Laurino's § 1983 immunity. (D.E. 11 at 3; 17-2 at 2, 3.)

[7] Those claims include: reckless infliction of severe emotional distress (Count One); negligent, reckless, wanton disregard for Plaintiffs' rights (Count Two); unlawful stop, search and arrest in violation of New Jersey Constitution (Count Three); false arrest (Count Four); New Jersey Constitutional violation (Count Five); infliction of severe emotional distress (Count Six); violation of N.J.S.A. 10:5-4, 10:5-12-f (Count Seven); violations of New Jersey Civil Rights Act, N.J.S.A. 10:6-2(C) (Count Nine); and state created danger (Count Ten). (D.E. 1-1.)

[8] This Court finds no basis upon which to grant Plaintiffs' request to remand this matter to Mercer County. (D.E. 11 at 3; 17 at 1-2; 17-2 at 2-3.) Further, such a request is not properly before this Court.